EMMA NORDQUIST v. ROBERT J. HALL *et al.*

No. 14,112.   (80 Pac. 952.)

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed May 6, 1905. Affirmed.

*W. R. Hazen,* and *H. W. Page,* for plaintiff in error.
*J. J. Schenck,* for defendants in error.

*Per Curiam:* The propositions relied on for a reversal of this case are important to the parties only, and not of sufficient general interest to require a formal opinion; therefore all that is necessary is that the views of the court be indicated upon each question raised.

The court is unable to agree with the defendant that the contract entered into at the time of the trade precluded the plaintiffs, as a matter of law, from claiming that they relied upon the false representations inducing the trade. It might with equal force be argued that the defendant cannot expect prompt payment of the one-thousand-dollar note given her because she took a mortgage to secure it, in which the possibility of default is recognized.

The evidence is sufficient to show that the representations made were representations of fact, and that the plaintiffs had a right to, and did, rely upon them, to their injury. The evidence was also sufficient to furnish a basis for the assessment of damages.

The testimony of the witness Oberly was proper, if for no other reason than that the contract referred to provided that the plaintiffs were to receive and be satisfied with one-fourth of the proceeds derived from the enforcement of the chattel mortgage, and the chattel mortgage was enforced by a person acting on behalf of the holder of those notes secured by the chattel mortgages that were reserved by Nordquist at the time of the trade. Besides this, if any of the charges which reduced the gross amount received from the sale of the chattel property

were excessive, or if the property was improperly handled, the defendant should have shown it.

The witness Allison was competent. A portion of the testimony of the witness Andrews was admissible, and the court dealt properly with it.

The instruction of the court complained of, containing a reference to the relation that the hotel property bore to the trade, purports to state the plaintiff's claim, and is in exact accordance with the petition and with the testimony of the Halls given on the trial. The instruction quoted from page 222 of the record was invited by the defendant, and hence she cannot complain of it. In other respects the instructions given were sufficient, and no prejudice resulted from the refusal of the instructions asked.

If any error was committed by the court in its consideration of the special findings it was against the defendant instead of the plaintiffs.

The motion for a new trial was properly denied, and the judgment of the district court is affirmed.